```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


YARDVILLE NATIONAL BANK         :      CIVIL ACTION
n/k/a PNC BANK, N.A.            :
                                :
     v.                         :
                                :
SULLIVAN MOTORS, INC., d/b/a    :
IMPORT SPECIALISTS, SULLIVAN    :
MOTOR CAR CORPORATION,          :
and MICHAEL SULLIVAN            :      NO. 07-cv-05135-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    September 2, 2008

On April 17, 2008, a consent judgment in favor of the plaintiff and against all of the defendants was entered in this action. The judgment was entered against the defendants, jointly and severally, in the amount of $954,440.18. The Judgment Order also included some other provisions which had apparently been agreed upon by the parties, namely, agreement that certain real property would be sold and that 80% of the proceeds would be devoted to the satisfaction of the judgment.

Counsel for plaintiff has now filed a "Motion to Re-open Case and Compel Defendants' Response to Post-Judgment Discovery in Aid of Execution Pursuant to Fed.R.Civ.P. 26.1(g)." The motion, and supporting documentation, suggest that plaintiff's counsel has sought certain (undisclosed) discovery from the various defendants, and has not yet received adequate responses. Plaintiff's counsel has not provided any information concerning the specifics of the discovery requests, but there is

a suggestion that one or more of the defendants is expected to "compile" information in order to respond.

Although the defendants have not responded to the pending motion, this may be explained by the fact that the motion was served on July 30, 2008, but seems to have notified the defendants that they were required to respond on or before May 7, 2008.

Most troubling of all, however, is the fact that plaintiff's motion, if granted, would reopen this litigation – i.e., plaintiff would no longer have a judgment against the defendants.  It seems doubtful that this result is really what plaintiff wishes to achieve.  I note further that the proposed order, if signed by this Court, would threaten the defendants with all sorts of dire consequences (civil arrest ?), and would include an award of counsel fees.  I am not aware of any basis upon which an award of counsel fees could be predicated.

The pending motion will therefore be dismissed, without prejudice, as set forth in the accompanying Order.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YARDVILLE NATIONAL BANK<br>n/k/a PNC BANK, N.A. | : | CIVIL ACTION |
| v. | : | |
| SULLIVAN MOTORS, INC., d/b/a<br>IMPORT SPECIALISTS, SULLIVAN<br>MOTOR CAR CORPORATION,<br>and MICHAEL SULLIVAN | : | NO. 07-cv-05135-JF |

ORDER

AND NOW, this 2nd day of September 2008, upon consideration of plaintiff's "Motion to Re-open Case and Compel Defendants' Response to Post-Judgment Discovery in Aid of Execution Pursuant to Fed.R.Civ.P. 26.1(g)," IT IS ORDERED:

that the motion is DISMISSED, without prejudice to plaintiff's right to pursue discovery in aid of execution in a rational and comprehensible way.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam,  Sr. J.